Honorable Reubin O’D. Askew
Governor, State of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of September 30, 1974 requesting our advice pursuant to Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows:
“By virtue of the provisions of Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, I have the honor to request your written opinion as to the interpretation of a portion of the Florida Constitution affecting my executive powers and duties.
“The Legislature recently passed a special act relating to Broward County which increased the membership of the school board from five to seven. The act became a law June 30, 1973, without my signature. Chapter 73-414 of the Special Act in relevant part provides:
“Section 1. The district school board of Broward County, Florida, shall be composed of seven (7) members. Five (5) members shall each be residents of the school board member residence area from which they are elected as prescribed by general law. Two (2) members shall be residents of the district and shall be nominated and elected from the district at large.
“Section 2. The initial two (2) school board members from the district at large shall be elected at the next regular pri *749 mary or general election, one member for a term of two (2) years and the other member for a term of four (4) years.

“Section 4. This act shall take effect only upon its approval by a majority vote of those qualified electors of Brow-ard County voting in a referendum to be held by the board of county commissioners of Broward County in conjunction with the next regular primary or general election, in accordance with the provisions of law relating to elections currently in force in Broward County; provided that this section shall take effect upon becoming a law.
“Article IV, Section 1(f) of the Florida Constitution provides that:
“When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.
“Article X, Section 3, of the Florida Constitution provides in relevant part:
“Vacancy in office shall occur upon the creation of an office .
“Section 230.19 of the Florida Statutes provides in relevant part:
“ . . . all vacancies on the school board shall be filled by appointment by the governor.
“It must be noted that the special act was not to take effect unless it was approved by a majority vote of those qualified electors of Broward County voting in a referendum held in conjunction with the next regular primary or general election. Similarly, the act provided that the initial two members were to be elected at the next regular primary or general election.
“On the advice of the Attorney General, the referendum as provided in section 4 was held and approved by a majority of the qualified electors of Broward County on September 10, 1974, which was the next regularly scheduled primary election. However, the County Commission did not accept candidates for the two school board seats in the primary election. There are no candidates, therefore, on the ballot for the 1974 general election.
“Since the act provides for an election of the initial two school board members at the next regularly scheduled primary or general election and the structure of the act contemplates a nomination and election, I am in doubt concerning my constitutional duties and responsibility in regard to filling vacancies in offices. I have the honor, therefore, to request your written opinion on the following questions:
“1. Whether or not two vacancies now exist on the Broward County School Board.
“2. If your answer to the foregoing question is in the affirmative, whether or not I, as Governor, have authority under Article IV, Section 1(f), of the Constitution, or Section 230.19 of the Florida Statutes (1973), to fill such vacancies by appointment and, if so, the date upon which such appointments may be made effective.
“3. If your answer to question number one is negative, are the members of the school board to be elected at the 1974 general election, or am I required to call special elections to fill the offices, or should the two members be nominated and elected at the 1976 primary and general elections ?”
It is our opinion that the above-quoted provisions of Chapter 73^-14 construed together mean that the act became effective when it was approved at the referendum election held in connection with the first *750 primary election; that is, on September 10, 1974. Section 4 of the statute provides the act as a whole becomes effective on the date of a favorable referendum. It follows that on September 10, 1974 the two additional school board member offices came into existence.
Florida Statutes 100.111(6) (b) provides in substance that where a vacancy in nomination exist after September 15th no special election shall be held and the Department of State shall notify the Chairman of the appropriate county political party executive committee and the Chairman shall, as soon as possible, call a meeting of his executive committee to designate a nominee to fill the vacancy. It further provides that the nominee should be named as soon as possible but the county commissioners cannot be required to print a name on the ballot submitted less than five days prior to the election.
Thus, we have a situation where offices were created by referendum on September 10, 1974 with no chance for selecting nominees in a special primary election on September 15th, a period of only 5 days, thus creating a vacancy in nomination occurring after September 15th, but more than five days prior to the general election. Therefore, under Section 100.111(6) (b), “[T]he department of state shall notify the Chairman of the . . . county political party executive committee . . . ” which in this instance means the county chairman of both the Democratic and Republican parties directing them to convene their respective committees immediately and either provide a nominee for their party or resolve that such party will not offer a candidate in the approaching general election. Upon this being done, it would be your duty as governor to see that such name or names be printed on the general election ballot provided they are made known to you more than five days prior to the general election.
However, if both parties should resolve that they will not offer a candidate (the time having expired to qualify as an independent or write-in candidate), then and in that event, the offices would become operative on November Sth, 1974, the day of the general election, and under Section 1(f) of Article IV and Section 3, of Article X, Constitution of Florida, and Section 230.19, Florida Statutes, it would become your duty to fill such vacancy or vacancies by appointment until the first Tuesday after the first Monday following the next general election after November 5, 1974. In our review, the foregoing constitutes a composite reply to your questions presented.
Respectfully submitted,
JAMES C. ADKINS, Jr.
B. K. ROBERTS
RICHARD W. ERVIN
JOSEPH A. BOYD, Jr.
DAVID L. McCAIN
HAL P. DEKLE
BEN F. OVERTON